# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SANCHO JERMAL PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 21-1022-JDT-cgc |
| ) | |
| MITCHELL MAYNARD, ) | |
| ) | |
| Defendant. ) | |

## ORDER DIRECTING PLAINTIFF TO COMPLY WITH
## 28 U.S.C. §§ 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE

On February 1, 2021, Plaintiff Sancho Jermal Perry, who is incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) However, Plaintiff neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds*

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee will not apply if Plaintiff ultimately is granted leave to proceed *in forma pauperis*.

by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and signed application to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.[2]

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment procedures, and dismiss the action without further notice

---

[2] If Plaintiff cannot obtain a trust account statement from prison officials, he should so notify the Court. Even if he cannot obtain a trust account statement, however, Plaintiff still must submit an *in forma pauperis* affidavit.

for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.³

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, *in writing*, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

³ Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).