UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SANCHO JERMAL PERRY,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| VS.   ) | No. 21-1022-JDT-cgc |
| ) | |
| MITCHELL MAYNARD,   ) | |
| ) | |
| Defendant.   ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 1, 2021, Plaintiff Sancho Jermal Perry, who is incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Plaintiff filed the required documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Perry sues Mitchell Maynard, a Detective with the Obion County Sheriff's Department. The complaint indicates the Defendant is sued only in his official capacity. (ECF No. 1 at PageID 2.)

While interviewing a person named Caleb Rice about stolen guns, Defendant Maynard allegedly told Rice that Perry and another individual had provided information about Rice. (*Id.* at PageID 4.) Perry, however, states that was untrue and he had never met Rice at the time. (*Id.*) Also during the interview with Rice, Maynard allegedly referred to

Perry using an offensive racial slur. (*Id.*) After Perry was incarcerated at the Jail on December 11, 2020, he was placed in the same cell block as Rice; a few days later Rice allegedly told Perry about Maynard's previous statements. (*Id.* at PageID 4-5.)

Perry contends being housed in the same cell block as Rice put his life in danger because Maynard had led Rice to believe Perry gave information about Rice to the police. (*Id.*) Perry states he was "lied on" and is "traumatized and in fear of who else this officer may have lied to and used my name with during interviews." (*Id.* at PageID 5.) He contends Maynard's words constituted defamation and racial profiling. (*Id.* at PageID 3-4.) Perry seeks counseling "for the trauma and racial profiling names I was called" and $2500 in punitive damages. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Perry filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As stated, Perry sues Maynard only in his official capacity. Official-capacity claims, however, are treated as claims against Maynard's employer, Obion County. Obion County may be held liable *only* if Perry's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Perry does not allege he has been deprived of a constitutional right because of an Obion County policy or custom. For this reason alone, his complaint is subject to dismissal.

To the extent Perry may also intend to sue Maynard in his individual capacity, he has no valid claim. Maynard's use of a racial slur to describe Perry does not constitute racial profiling under the circumstances alleged. There is no suggestion in the complaint that Maynard used Perry's race as grounds for suspecting him of committing a crime or other wrongdoing. There also is no allegation that Maynard harassed Perry or engaged in

4

any other action that violated Perry's right to equal protection under the Fourteenth Amendment. *See Price v. Lighthart*, 2010 WL 1741385, at *2 (W.D. Mich. Apr. 28, 2010) (prisoner did "not allege an accompanying violation that might allow the [racial] slurs to state a separate equal protection claim"). While the alleged use of a racial slur was offensive and unprofessional, it did not amount to a constitutional violation. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (affirming dismissal of Eighth Amendment claim where plaintiff alleged continuous insulting remarks by guard). "Derogatory or abusive language and conduct do not give rise to a claim under § 1983." *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Moreover, Maynard's comment, while allegedly referring to Perry, was not actually addressed to him personally. He states merely that he was told of the comment afterward.

Perry also alleges he feared harm as a result of being placed in the same cell as Rice. Such a claim is analyzed under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). This proscription on cruel and unusual punishment encompasses an inmate's right to personal safety.[1] *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

---

[1] Perry was, presumably, a pretrial detainee at the Jail when he was housed in the cell with Rice. As a detainee, his right to personal safety stems from the Fourteenth Amendment's substantive due process clause; such claims, however, are analyzed in the same manner as claims under the Eighth Amendment. *Roberts v. Coffee Cnty., Tenn.*, 826 F. App'x 549, 551 (6th Cir. 2020).

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

Perry has not alleged either the objective or the subjective component of an Eighth Amendment claim. He does not contend Maynard knew Perry would be placed in the same cell as Rice or that Maynard knew of, yet disregarded, a substantial risk that Perry would suffer serious harm. Perry does not, in fact, allege Rice actually harmed or threatened to harm him as a result of Maynard's alleged comments. In addition, Perry's purely speculative fears that he might suffer future harm if others were told he provided information to the police also cannot support a claim under § 1983. Perry therefore does not state a claim under the Eighth Amendment.

As to Perry's allegation of defamation, such a claim would arise solely under Tennessee law; it is not a constitutional deprivation that is cognizable under § 1983. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Paul v. Davis*, 424 U.S. 693, 710 (1976); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009). The Court

declines to exercise jurisdiction over any such state law claim pursuant to 28 U.S.C. § 1367(c)(3).

For all of these reasons, Perry's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds Perry should be given an opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Perry's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Perry is GRANTED leave to file an amended complaint. Any amendment must be filed **within 21 days after the date of this order.**

Perry is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, must adequately identify all Defendants sued, and must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits

7

must be identified by number in the text of the amended complaint and must be attached to the amendment.  Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.  If Perry fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                   s/ **James D. Todd**  
                                  JAMES D. TODD  
                                  UNITED STATES DISTRICT JUDGE